### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| NIEMA JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-00366-MTS |
| | ) | |
| BI-STATE DEVELOPMENT AGENCY of | ) | |
| the MISSOURI-ILLINOIS METROPOLITAN | ) | |
| DSITRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Pending before the Court are a series of motions filed by the parties in this matter.  First are Defendants' Joint Motions to Dismiss under the theory of judicial estoppel (Docs. [15]–[16], [21]–[22]) and Chapter 7 Trustee Fredrich J. Cruse's Motion to Intervene as a Co-Plaintiff (Doc. [31]).  Also before the Court are Defendants Brew, Catchup, and Young's Motions to Dismiss Count III of the Plaintiff's First Amended Complaint (Docs. [15]–[16], [21]–[22]), Defendant Bi-State's Motion to Dismiss for failure to state a claim (Doc. [21]–[22]), and Defendant Bi-State's Motion to Strike (Doc. [21]–[22]).  Finally, before the Court is Plaintiff's Request for Leave to Amend to Clarify Count III pursuant to Fed. R. Civ. P. 15.  Doc. [28] at 4.  The motions have been fully briefed, and the Court determines that a hearing is unnecessary.  The Court will address each motion as set forth below.

### I.   Defendants' Motion to Dismiss Under a Theory of Judicial Estoppel and Chapter 7 Trustee Fredrich J. Cruse's Motion to Intervene as a Co-Plaintiff

Plaintiff Jordan petitioned for bankruptcy between the time of her alleged claims and the filing of this suit, and the bankruptcy trustee did not abandon the claim against her prior to the filing of the suit.  Thus, when Jordan sought to invoke the jurisdiction of the trial court, she did

1

not have standing to pursue her action.  When a debtor has filed bankruptcy under Chapter 7, the bankruptcy trustee becomes the real party in interest.  *See Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126–27 (8th Cir. 1998) (noting that Fed. R. Civ. P. 17(a) permits substitution of the filing Plaintiff for the real party in interest).  Jordan's employment claims are all contained in her Chapter 7 bankruptcy estate.  *See* Doc. [15] at 7, *In re Jordan*, No. 19-46769 (Bankr. E.D. Mo. May 15, 2020).  Accordingly, Trustee Cruse, not Plaintiff Jordan, is the real party in interest with respect to these claims, which belong to Jordan's bankruptcy estate.

To remedy this problem, Jordan first reopened her bankruptcy estate and listed her employment claims in the bankruptcy estate.  *See* Docs. [15], [16], *In re Jordan*, No. 19-46769 (Bankr. E.D. Mo. May 15, 18, 2020).  Trustee Cruse was then reappointed to Jordan's bankruptcy case and his counsel was approved by the Bankruptcy Court to be retained to pursue the allegations made in Jordan's Amended Complaint.  *See* Docs. [23], [32], [34], *In re Jordan*, No. 19-46769 (Bankr. E.D. Mo. June 5, 16, 23, 2020).

In his Motion to Intervene as Co-Plaintiff, Trustee Cruse seeks permission to be joined as the co-plaintiff in this case.  In doing so, Trustee Cruse properly relies on Fed. R. Civ. P. 17(a)(3), which provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  However, Trustee Cruse's request to be designated as a "co-plaintiff" is improper, as Jordan is not a party in interest due to her pending bankruptcy filing.  *See Wolfe*, 143 F.3d at 1126 (discussing the debtor-plaintiff's lack of standing when she had a pending bankruptcy proceeding in deciding to substitute the bankruptcy trustee as the party in interest).  Accordingly, the Court will deny Trustee Cruse's request to be joined as a co-plaintiff and instead will substitute Trustee Cruse as the real party in interest.  With

his substitution, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Therefore, the Court will deny Defendants' Motions to Dismiss on the theory of judicial estoppel, Docs. [15], [21], and will grant in part and deny in part Trustee Cruse's Motion to Intervene as a Co-Plaintiff, Doc. [31].

## II.      Defendant Brew, Catchup, and Young's Motions to Dismiss Count III of Plaintiff's First Amended Complaint and Plaintiff's Request for Leave to Amend Pursuant to Fed. R. Civ. P. 15

Defendants Brew, Catchup, and Young also filed Joint Motions to Dismiss Count III of Plaintiff's First Amended Compliant for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice-pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest*

*Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recital of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678-79. "A pleading that merely pleads 'labels and conclusions' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancements will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (quotations omitted); *Iqbal*, 556 U.S. at 677-78.

Defendants argue that Count III of the First Amended Complaint should be dismissed because (1) Plaintiff has failed to plead that the defendants were acting "under color" of state law for purposes of 42 U.S.C. § 1983 in conjunction with her claims of discrimination and harassment and (2) because plaintiff failed to allege a violation of her First Amendment right of free speech in conjunction with her retaliation claim under § 1983. *See* Docs. [15]–[16], [22], [29]–[30]. Plaintiff claims that she has a viable retaliation claim against Defendants and seeks leave to amend her First Amended Complaint. Doc. [28]. The Court agrees with Plaintiff's concession that Count III of her First Amended Complaint is subject to dismissal because it does not "specifically mention the First Amendment" and notes her acknowledgement that she "may not proceed against Defendants under Section 1983 and Equal Protection Clause for Retaliation." *Id.* at 4. Further, the Court construes Plaintiff's "Request for Leave to Amend" in her memorandum opposing dismissal, *Id.*, as a motion for leave to amend.

Accordingly, the Court will grant Defendant Brew, Catchup, and Young's Joint Motions to Dismiss Count III of the First Amended Complaint pursuant to Rule 12(b)(6). As discussed above, the Defendants' requests for dismissal on judicial estoppel grounds are comprehensively denied. Correspondingly, Plaintiff's Motion for Leave to Amend to Clarify Count III pursuant to

Fed. R. Civ. P. 15 will also be granted.  Plaintiff has seven days from the date of this Order to file a second amended complaint.

**III.     Defendant Bi-State's Motion to Strike**

Defendant Bi-State asks the Court to strike Plaintiff's request for punitive damages as well as the provisions related to settlement discussions with Bi-State's counsel in the First Amended Complaint.  Docs. [22] at 4, [30] at 2; *see also* Doc. [12] ¶¶ 55–56.  First, the Court agrees that Bi-State cannot be subjected to punitive damages in this case.  Federal courts have repeatedly found that Bi-State is a political subdivision, see Doc. [30] at 3–4, and the Court agrees with that characterization for purposes of punitive damages in this § 1983 case.  As neither § 1981a nor § 1983 permit a plaintiff to receive punitive damages against a political subdivision, see § 1981a(b)(1) and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (holding municipalities are not subject to punitive damages under § 1983), the Court will grant Defendant Bi-State's Motion to Strike Plaintiff's request for punitive damages.

With respect to paragraphs 55 and 56 of the First Amended Complaint, the Court finds that their contents fall within the boundaries of Fed. R. Evid. 408 and should be stricken, as these allegations directly refer to settlement discussions that are immaterial and potentially prejudicial to Defendants.  Although Plaintiff did not specifically mention the particulars of the settlement communications, the paragraphs are still within the intended scope of Rule 408.  Thus, the Court will also grant Defendant Bi-State's Motion to Strike Paragraphs 55 and 56 of Plaintiff's First Amended Complaint.

**Conclusion**

In sum, the Court (1) denies all claims that Plaintiff is judicially estopped, (2) substitutes Trustee Cruse for Niema Jordan as the Plaintiff and party in interest, thereby removing Jordan as

a party in this case, (3) grants Trustee Cruse leave to amend Count III of the First Amended

Complaint to address the issues detailed above, (4) strikes Plaintiff's requests for punitive damages

against Defendant Bi-State, and (5) strikes paragraphs 55 and 56 of the First Amended Complaint,

as they impermissibly reference settlement discussions in violation of Fed. R. Evid. 408.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motions to Dismiss, Docs. [15], [21],

are **DENIED** in part to the extent that they rely on the theory of judicial estoppel and are

**GRANTED** in part with respect to Plaintiff's Count III pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Chapter 7 Trustee Fredrich J. Cruse's Motion to

Intervene as a Co-Plaintiff, Doc. [31], is **GRANTED** in part and **DENIED** in part.  Trustee Cruse

is **substituted** for Niema Jordan as the Plaintiff and party in interest, and Niema Jordan is no longer

a party to this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Count III of

the First Amended Complaint is **GRANTED**.  Plaintiff-Trustee Cruse will have seven (7) days

from the issuance of this Order to file a second amended complaint, and Defendants shall file any

response to the second amended complaint as instructed by Fed. R. Cv. P. 15(a)(3).

**IT IS FURTHER ORDERED** that Defendant Bi-State's Motion to Strike Plaintiff's

Request for Punitive Damages and Paragraphs 55 and 56 of the First Amended Complaint, Doc.

[21], is **GRANTED**.

Dated this 22nd day of October, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

6