UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAPTER 7 TRUSTEE FREDRICH CRUSE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:20-cv-00366-MTS ) |
| BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS METROPOLITAN DISTRICT, et al., | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Amend the Court's October 22, 2020 Order, or, in the Alternative, Motion to Disqualify Trustee Cruse's Counsel, Doc. [41]. The Motion is fully briefed.  For the reasons discussed below, the Court will deny the Motion.

**I.   BACKGROUND**

In an October 22, 2020 Order, the Court replaced then-Plaintiff Niema Jordan with now-Plaintiff Trustee Cruse, holding that Cruse, as trustee of Jordan's Chapter 7 bankruptcy estate, is the real party in interest with respect to Jordan's claims in the instant case.  Doc. [39] at 1–2.  The Court additionally denied the Defendants' arguments that it should invoke the doctrine of judicial estoppel and dismiss Jordan's case, which were premised on the assertion that Jordan wrongfully failed to disclose this case as an asset in her bankruptcy estate.  *Id.* at 3; *see* Doc. [16] at 4–6.  In making that decision, the Court implicitly rejected Defendants' contention that Jordan's admittedly tardy disclosure of the case as an asset warranted judicial estoppel as well as the suggestion that Plaintiff's counsel's continued representation would result in an impermissible conflict of interest. *See* Doc. [32] at 6–9.  Defendants now rehash their earlier arguments, asserting that the Court

1

should "amend" its Order by taking the drastic step of dismissing all Plaintiff's claims with prejudice or, alternatively, by disqualifying Plaintiff's counsel because of an alleged conflict of interest. *See* Doc. [42].

## II. DISCUSSION

Defendants purport to rely on either of Fed. R. Civ. P. 54(b) or 60 in seeking reconsideration,[1] but no matter the grounds, they have not provided any compelling reason for the Court to overturn its Order. Defendants largely repeat their original arguments and fail to offer any new grounds that change the Court's earlier calculus.[2] *See, e.g.*, *Clark v. Mell*, No. 4:19-cv-823 HEA, 2020 WL 1640336 (E.D. Mo. April 2, 2020) (denying motion to reconsider when movant repeated arguments presented on the underlying motion). And the Court does not believe its earlier Order contains "manifest errors of law or fact." *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)). Indeed, "judicial estoppel 'is an equitable doctrine invoked by a court *at its discretion.*'" *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*,

---

[1] There is a lack of consensus as to the basis for reconsideration of an interlocutory order. *See, e.g.*, *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., Inc.*, No. 3:09–cv–05078–DGK, 2010 WL 3522476, at *1–2 (W.D. Mo. Sept. 2, 2010) (discussing the inconsistent case law on motions for reconsideration of interlocutory orders). Federal Rules of Civil Procedure 54(b), 59(e), or 60(b) all potentially could provide grounds for such a motion, though, again, it is unclear which Rule applies in what setting. *Compare Nelson v. Am. Home. Assurance Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (holding that motions to reconsider are Rule 60(b) motions when directed at non-final orders), *with Julianello v. K-V. Pharm. Co.*, 791 F.3d 915, 923 n.1 (8th Cir. 2015) (applying Rule 54(b) for an order that did not enter final judgment on the claims). Regardless of the foundation for a motion seeking reconsideration, it appears clear that district courts enjoy wide discretion in determining whether reconsideration is warranted and that courts will not overturn a prior order absent a significant error in that order. *See Clark v. Mell*, No. 4:19-cv-823 HEA, 2020 WL 1640336, at *2 (E.D. Mo. Apr. 2, 2020) ("District courts have broad discretion in determining whether to reconsider judgment."); *Karg v. Transamerica Corp.*, No. 18-cv-134-CJW-KEM, 2019 WL 9093998, at *2 (N.D. Iowa Nov. 7, 2019) ("District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order."); *Disc. Tobacco*, 2010 WL 3522476, at *1 (denying motion for reconsideration when the movants "had fair opportunity to litigate the issue previously [and] granting the motion to reconsider [would] not correct any errors, much less a significant error").

[2] The fee-splitting agreement between Trustee Cruse and Jordan, which the Trustee has explained is typical in his experience as a bankruptcy estate trustee, see Doc. [48-2], does not persuade the Court that it should now apply judicial estoppel and dismiss the case. Trustee Cruse has a duty to represent the bankruptcy estate's best interests, and the Court has no reason to doubt his assertion that such agreements are commonplace. Jordan's participation in the case is important to the success of her claims and therefore is in the interest of her creditors as well.

893 F.2d 1033, 1037 (9th Cir. 1990)) (emphasis added).

Defendants have provided no evidence that the creditors to Jordan's bankruptcy estate are in any different position now than they would have been had Jordan properly listed her claims as assets at the outset of the bankruptcy proceeding.  *See United Fire & Cas. Co. v. Thompson*, 949 F. Supp. 2d 922, 930 (E.D. Mo. 2013).  Conversely, those creditors would certainly be worse off if the Court strictly applied judicial estoppel and dismissed the suit.  *See id.* (noting criticism of judicial estoppel for "providing a windfall to the alleged wrongdoer and possibly depriving creditors, who are not parties to the nonbankruptcy action, of a potential bankruptcy asset" (quoting *Taylor v. Comcast Cablevision of Ark.*, 252 F. Supp. 2d 793, 798 (E.D. Ark. 2003))).  Balancing the interests in this case, the Court finds that application of judicial estoppel is inappropriate.  *See Parker-Gilbert v. Shalter Mut. Ins. Co.*, No. 4:19-cv-00185-LPR, 2020 WL 2647404, at *2 (E.D. Ark. May 11, 2020) (observing that judicial estoppel is meant to be used as a "shield" to protect the integrity of the courts, not as a "sword" used to cut down meritorious claims).  The Court also remains unpersuaded that there exists a conflict of interest requiring the Court to remove Plaintiff's counsel from this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Amend the Court's October 22, 2020 Order, or, in the Alternative, Motion to Disqualify Trustee Cruse's Counsel, Doc. [41], is **DENIED**.

Dated this 3rd day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3